UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK DOWNEY,

                    Plaintiff,

            -against-

UNITED STATES OF AMERICA, *et al.*,

                    Defendants.

1:19-CV-7143 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated August 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Mark Downey filed this 113-page complaint purporting to bring a *qui tam* action. Plaintiff also purports to bring these actions under numerous federal statutes, both civil and criminal. The complaint alleges, *inter alia*, the following:

> This entire Claim is mandated by the qui tam, the False Claims Act and the Dodd-Frank Act to generate revenues for the Federal Government to dramatically reduce the mounting $21 Trillion Federal Budget Deficit for our Children's Children; 70% for the Federal Government and 30% for the Disabled Plaintiffs.

(Compl. at ¶ III.)

## DISCUSSION

**A.      The False Claims Act (FCA)**

Plaintiff's *qui tam* claims under the False Claims Act (FCA), 31 U.S.C. § 3729, must be dismissed. The FCA permits private persons to bring suit where there has been fraud on the federal government.[1] The *qui tam* provisions of the FCA allow a private plaintiff to sue persons who knowingly defraud the federal government. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). *Pro se* litigants, however, lack statutory standing to bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *Klein v. City of New York*, 10-CV-9568 (PAE) (JLC), 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012).

Because Plaintiff, as a *pro se* litigant, lacks standing to assert his *qui tam* claims under the FCA, the Court dismisses those claims for failure to state a claim.

---

[1] The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit under the FCA may be brought by either the federal government or by a private person, or "relator," who sues for the United States in a *qui tam* action. 31 U.S.C. § 3730(a), (b)(1).

## B. Remaining Claims

Plaintiff's remaining claims are dismissed as frivolous. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses Plaintiff's remaining claims as frivolous.[2] 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

---

[2] Plaintiff recently filed two other *qui tam* actions in this Court. *See Downey v. United States*, No. 1:19-CV-5985 (S.D.N.Y. filed June 26, 2019); *Downey v. United States*, No. 1:19-CV-6646 (S.D.N.Y. filed July 16, 2019). On August 2, 2019, the Court dismissed those complaints as frivolous and for failure to state a claim, noted Plaintiff's history of frivolous litigation, and ordered him to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 5, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge